IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JERRY MARKS**                                                                  **PETITIONER**

**VERSUS**                                                 **CIVIL ACTION NO. 2:05cv2056KS-JMR**

**RONALD KING and JIM HOOD**                              **RESPONDENTS**

MEMORANDUM OPINION

      This matter is before the Court, <u>sua sponte</u>, for consideration of dismissal.  The petitioner, a state prisoner at the time, confined in the South Mississippi Correctional Institute, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  The petitioner was released from incarceration on November 23, 2005, and is currently residing in Laurel, Mississippi.  <u>See</u> petitioner's pleading [doc.#10] and attached Mississippi Department of Corrections discharge certificate.

      The petitioner's incarceration was a result of a 2002 conviction for statutory rape and aggravated assault in the Circuit Court of Jones County, Mississippi.  The petitioner states that he was sentenced to serve five years, concurrently, for these convictions and that he should have been released on May 27, 2005, because he earned 733 days of "jail time" credits.  In the petitioner's pleadings prior to his November 23, 2005, he was seeking his immediate release from incarceration as relief.

      After the Court was informed of the petitioner's release from incarceration, an order to amend was entered on November 30, 2005.  The petitioner was directed to file an amended petition to specifically state the requested relief in this action and the petitioner was directed to

state if he is currently on probation, parole or some other type of non-incarcerated supervision by the Mississippi Department of Corrections.  The petitioner filed his response [doc.#12] on December 5, 2005, in the form of a "motion to amend."  In this pleading, the petitioner's requested relief is to be awarded $173,000.00, from the Mississippi Department of Corrections for his alleged unlawful incarceration for five months, 22 and 1/2 days beyond his May 27, 2005, release date.  The petitioner further states that his is currently not on probation, parole or any other type of supervision by the Mississippi Department of Corrections.

Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy.  Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir.1987).  This Court is obliged to raise the subject of mootness sua sponte.  Id. at 278.  This habeas petition was filed based on the petitioner's allegations that the Mississippi Department of Corrections had incorrectly calculated his release date.  The petitioner sought his immediate release from incarceration as relief.  Since the petitioner was released on November 23, 2005, this Court can no longer provide him with that relief.  Thus, the petitioner's request is moot.  See Bailey, 821 F.2d at 278-79.

Inasmuch as the petitioner, subsequent to his release, has requested monetary damages as relief in this action, his petition fares no better.  The relevant habeas statute, 28 U.S.C. § 2254, provides the exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).  A civil rights complaint filed pursuant to 42 U.S.C. § 1983 is the appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept.

of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)).  Since the requested relief of release from incarceration has already been granted to the petitioner and since this Court can not award monetary damages as habeas corpus relief, dismissal of this petition is appropriate.

However, this dismissal has no bearing on any claims the petitioner may be attempting to assert under 42 U.S.C. § 1983 or any other federal law.  In order to separate and properly address any claims the petitioner may be asserting under Section 1983, the Clerk will be directed to send a packet of general complaint forms for pro se litigants to the petitioner's last known address. See Patton v. Jefferson Correctional Center, 136 F.3d 458, 463-64 (5th Cir.1998).  If the petitioner is inclined to pursue any possible Section 1983 claims, he can do so by filing a new complaint on the forms provided to him.

A final judgment in accordance with this memorandum opinion shall issue this date.

SO ORDERED, this the  15th  day of December, 2005.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE